IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GEORGE T. HAWKINS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00610-O-BP |
| § | |
| TARRANT COUNTY § | |
| COLLEGE DISTRICT, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Complaint for Employment Discrimination filed July 27, 2018. (ECF No. 1). After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** without prejudice Plaintiff's Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

Plaintiff has sued Defendant for violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634; and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117. Plaintiff alleges Defendant hired him in February 2001 to implement a technical computer certification program. (ECF No. 1 at 5). Despite his excellent work record, Plaintiff alleges he was notified on April 11, 2017 of a formal complaint filed against him. (*Id.*). Plaintiff claims the complaint was extremely vague ad contained no specific complaints against him. (*Id.*). After Plaintiff returned from a prescheduled, two-week vacation, he claims Defendant arbitrarily placed him in Family Medical Leave Act ("FMLA") status even though he had no qualifying disability

or illness and no qualifying family event had occurred. (*Id.*). Even though Plaintiff made himself available to work since returning from vacation, Defendant terminated his employment on or about July 5, 2017. (*Id.*). Plaintiff contends that Defendant abused the FMLA to discriminate, harass, retaliate, and create an unsustainable hostile work environment for unknown reasons against him. (*Id.*) In the alternative, Plaintiff claims Defendant perceived he had a disability and failed to make accommodations. (*Id.*).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on or about April 30, 2017. (*Id.* at 6). The EEOC conducted its review but could not conclude a violation had occurred. (*Id.* at 8). On April 30, 2018, the EEOC mailed Plaintiff a Notice of Suit Rights form, which informed Plaintiff of his right to file suit within ninety days of receipt of the notice. Plaintiff filed the instant suit on July 27, 2018. (*Id.*).

Since the filing of the suit, however, Plaintiff has failed to prosecute his case. First, after Defendant answered, the Court entered an order requiring the parties to participate in a Federal Rule of Civil Procedure 26 scheduling conference no later than January 11, 2019 and to file a joint status report on or before January 25, 2019. (ECF No. 9). Defendant timely filed the joint status report, but indicated in the report that Plaintiff did not respond to Defendant's multiple requests concerning the Court's scheduling order. (ECF No. 10). On January 17, 2019, the Court entered the Scheduling Order in this case, setting a deadline for initial disclosures of February 15, 2019. (ECF No. 11). Defendant filed its Motion to Compel Initial Disclosures and for Sanctions and Memorandum in Support Thereof on February 26, 2019 after Plaintiff failed to serve his initial disclosures and did not respond to Defendant's attempt to resolve the matter without assistance from the Court. (ECF No. 12). The Court set a hearing on the Motion for March 5, 2019 in which counsel for Defendant participated. (ECF No. 13). Plaintiff did not attend the hearing, although

the Clerk mailed the necessary access code to him and counsel for Defendant left a message on the telephone for Plaintiff as shown in the hearing record.

The Court granted in part Defendant's Motion and compelled Plaintiff to serve on Defendant his initial disclosures on or before March 19, 2019. (ECF No. 15). Defendant notified the Court that Plaintiff failed to comply with the Court's discovery order on March 22, 2019. (ECF No. 16). The Court *sua sponte* extended Plaintiff's deadline to serve his initial disclosure on Defendant until April 15, 2019. (ECF No. 17). The Court warned Plaintiff that failure to comply with the Court's Order may result in a recommendation that Plaintiff's case be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff did not serve his initial disclosures.

Plaintiff's failure to prosecute his case warrants dismissal. Dismissing Plaintiff's case without prejudice, however, will likely operate as a dismissal with prejudice because any future suit for the alleged employment discrimination claims will be outside of the ninety-day limitations period from receipt of the Notice of Suit Rights form. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (Title VII); *Hartnett v. Chase Bank of Texas Nat. Ass'n*, 59 F. Supp. 2d 605, 611 (N.D. Tex. 1999) (ADEA). Further, depending on when Plaintiff's Title II ADA claim accrued, it may also be time-barred even if he files a motion to reopen the case. *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (applying Texas's two-year limitations period for personal injury to Title II); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2017). However, a dismissal that has the effect of being with prejudice is appropriate in this case because of Plaintiff's clear record of delay and refusal to comply with court orders. *See Benson*, Civ. A. No. 3:08CV1506-D, 2008 WL 5378179, at *3 (Fitzwater, J.) (adopting the findings, conclusions, and recommendation of the magistrate judge, who found "a clear record of delay and contumacious

conduct" and recommended dismissal where plaintiff twice failed to respond to court orders and filed no pleadings after his complaint). On the facts of the present case, Judge O'Connor should dismiss Plaintiff's complaint without prejudice due to his failure to prosecute the case.

Plaintiff is cautioned that although the recommended dismissal is without prejudice, the effect of dismissing this action for failure to prosecute and to obey the Court's orders may subject any subsequent complaint he files regarding the claims in the instant action to a statute of limitations defense. Because Plaintiff's claims will likely be time-barred, the undersigned recommends that Judge O'Connor **DISMISS** Plaintiff's Complaint (ECF No. 1) **without prejudice** to his right to reopen the case provided that Plaintiff files a motion to reopen along with a brief in support on or before thirty days from the date of Judge O'Connor's order dismissing the case.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

4

Signed April 17, 2019.

                                                  Hal R. Ray, Jr.
                                                  UNITED STATES MAGISTRATE JUDGE